Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| EL PUEBLO DE PUERTO RICO<br>Recurrido<br><br>v.<br><br>DENNIS COTTO ALVARADO<br>Peticionario | TA2025CE00463 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Ponce<br><br>Crim. Núm. JIS2019G0012 al 00017; JLE2019G0310 al JLE2019G0310 |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Adames Soto, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 15 de diciembre de 2025.

Comparece el Sr. Dennis Cotto Alvarado (señor Cotto Alvarado o peticionario), quien está confinado en una institución penal, por derecho propio y en *forma pauperis,* a través de recurso de *certiorari.* Solicita la revocación de una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI), el 19 de agosto de 2025. Mediante dicho dictamen el foro recurrido denegó una *Solicitud de Modificación de Sentencia* instada por el peticionario, en la que, entre otros, esgrimió el principio de favorabilidad como aplicable a la condena que se encuentra cumpliendo.

Luego de examinado el recurso presentado, hemos decidido *denegar* su expedición.

**I. Resumen del tracto procesal**

El 13 de julio de 2023 el señor Cotto Alvarado **se declaró culpable** por infracción al Artículo 133 (a) Código Penal de Puerto Rico de 2012, sobre actos

lascivos, 33 LPRA sec. 5194. Como resultado, fue sentenciado a cumplir una pena de 15 años de cárcel, concurrentes con los casos JIS2019G0012, JIS2019G0013, JIS2019G0014, JIS2019G0015, JIS2019G0016 y JIS2019G0017, y con cualquier otra pena que hubiese sido dictada a ese momento, y consecutivo con los casos JLE2019G0310 y JLE2019G0311, para un total de 25 años. Este dictamen fue enmendado el 24 de julio de 2023, a los fines de ordenar que la parte peticionaria fuera inscrita en el Registro de Ofensores Sexuales y Abuso de Menores.

Luego, el 6 de agosto de 2025, la parte peticionaria acudió ante el TPI, por conducto de su representación legal, mediante *Moción Modificación De Sentencia*. En la confusa petición aludida, el señor Cotto Alvarado adujo que: 1) el Departamento de Corrección y Rehabilitación había variado la fecha mínima en que podía ser considerado para beneficiarse del Programa de Libertad Bajo Palabra, al eliminar retroactivamente el cómputo del mínimo en los cargos por el Art. 133 del Código Penal, supra; 2) solicitó la modificación de la sentencia, para que se le concediera una mixta, de modo que pudiera beneficiarse de una sentencia suspendida bajo el régimen de libertad a prueba.

En respuesta, el foro de instancia la declaró *No Ha Lugar*. Al así decidir el TPI razonó que: "[l]as Sentencias dictadas en estos casos fueron por virtud de aleaciones pre-acordadas; el convicto se declaró culpable en los cargos de epígrafe con pleno conocimiento de las penas y Sentencias dictadas; cualquier planteamiento sobre la Junta de Libertad bajo Palabra debe agotar los remedios administrativos correspondientes".[1]

Inconforme, el peticionario presentó una moción de reconsideración ante el propio foro recurrido, que resultó denegada.

---

[1] Apéndice del recurso de *certiorari*, expediente electrónico del caso en SUMAC, entrada núm. 1.

Es así como el señor Cotto Alvarado acude ante nosotros, esta vez por derecho propio, señalando como error lo siguiente:

> *Hubo una mala redacción de la determinación sin una explicación por la cual no fue otorgada. No obstante, no se tomó en consideración la regla 146-2012 y la 246-2014.*

Habiendo recibido la comparecencia de la Oficina del Procurador General en representación del Pueblo, estamos en posición de disponer del asunto sin mayor dilación.

## II. Exposición de Derecho

a.

El auto de *certiorari* permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723 (2016). Es, en esencia, un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *García v. Padró*, 165 DPR 324 (2005).

En casos criminales, la expedición de un auto de *certiorari* debe evaluarse a la luz de los criterios enumerados por la Regla 40 de nuestro Reglamento, según enmendado, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025).[2] La precitada Regla exige que, como foro apelativo, evaluemos si alguna de las circunstancias enumeradas anteriormente está presente en la petición de *certiorari*. De estar alguna

---

[2] (A)Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho;

(B) si la situación de hechos planteada es la más indicada para el análisis del problema;

(C) si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;

(D) si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;

(E) si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;

(F) si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; o

(G) si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

presente, entonces podríamos ejercer nuestra discreción e intervenir con el dictamen recurrido.

A pesar de que podamos reconocer algunas de las situaciones previstas en la Regla 40, *supra,* —que nos habilitaría para expedir el *certiorari*—, la determinación sobre expedirlo o no sigue siendo una discrecional. Según lo explicó nuestro Tribunal Supremo, *la amplitud del recurso moderno de certiorari no significa que sea equivalente a una apelación, pues sigue siendo discrecional y los tribunales debemos utilizarlo con cautela y por razones de peso. Pueblo v. Díaz De León,* 176 DPR 913,918 (2009). En este ejercicio, nuestro máximo foro tambiém ha expresado que un tribunal apelativo no intervendrá con las determinaciones interlocutorias discrecionales procesales de un tribunal sentenciador en ausencia de pasión, prejuicio, parcialidad o error manifiesto. *Argüello v. Argüello,* 155 DPR 62, 78-79 (2001).

b.

La doctrina de agotamientos de remedios administrativos determina "la etapa en la cual el litigante puede recurrir a los tribunales". *E.L.A. v. 12,974.78 Metros Cuadrados,* 90 D.P.R. 506, 513 (1964). En otras palabras, los tribunales examinan cuando intervienen con una controversia previamente sometida a la atención de una agencia administrativa. *Guzmán y otros v. E.L.A.,* 156 D.P.R. 693, 712 (2002). El Tribunal Supremo de Puerto Rico señaló que:

> De conformidad con ello, ésta (la doctrina de agotamiento de remedios) aplica en casos en los cuales, una parte, que instó o tiene pendiente alguna acción ante la consideración de una agencia o ente administrativo, recurre al foro judicial sin antes haber completado todo el trámite administrativo disponible. (Citas omitidas). Lo que implica pues, que al amparo de la misma, se tienda a cuestionar la procedencia de una acción judicial instada por una parte, *que acudió en primera instancia a un organismo administrativo,* y que luego, sin antes esperar a que finalicen tales trámites o a que se le concedan los remedios administrativos correspondientes, se desvía de tal cauce recurriendo, al mismo tiempo, ante el tribunal, en busca de aquel remedio que *dejó pendiente de adjudicación ante la agencia pertinente.* (Énfasis en el original). *Guzmán Cotto v. E.L.A,* supra, pág. 712.

En definitiva, esta norma jurisprudencial fue creada para suplir las necesidades de competencia administrativa y orden en los procedimientos. *Mercado Vega v. U.P.R.,* 128 D.P.R. 273, 282-283 (1991). La doctrina de agotamiento de remedios tiene la base en el principio que establece: "nadie tiene derecho a auxilio judicial por un daño supuesto o inminente hasta haber agotado el remedio administrativo prescrito." Íd., pág. 283.

**III. Aplicación del Derecho a los hechos**

a.

Valga iniciar aclarando que, a pesar de que el TPI intimó en la Resolución recurrida que cabía denegar la solicitud de enmienda a la sentencia presentada por el peticionario, entre otras causas, porque fue producto de alegaciones pre-acordadas, lo cierto es que en *Pueblo v. Torres Cruz,* 194 DPR 53, 65 (2015), nuestro Tribunal Supremo expresamente resolvió que *tanto las personas que resultaron convictas luego de la celebración de un juicio plenario,* **como las que realizaron una alegación de culpabilidad preacordadada,** *pueden invocar el principio de favorabilidad. Un condenado puede atacar colateralmente una sentencia,* **aunque sea producto de un preacuerdo,** *al amparo de la Regla 192.1 de Procedimiento Criminal,* supra. *Íd.,* pág. 67. (Énfasis provisto).

b.

Aclarado lo anterior, cabe reconocer que el foro primario también denegó la solicitud del peticionario, porque se plantearon asuntos relativos a la correcta bonificación a la sentencia que se encuentra cumpliendo el peticionario, y resulta de la competencia del trámite administrativo. Al así decidir, a todas luces el tribunal *a quo* instruyó al peticionario a agotar los remedios administrativos correspondientes que el propio Departamento de Corrección y Rehabilitación contempla para ello, antes de acudir a la vía judicial. Tiene razón.

Sépase que, aunque en la *Moción de modificación de sentencia* instada por el peticionario ante el TPI abordó varios temas, el único de estos que alzó ante nosotros versó sobre lo que, juzga, es la incorrecta bonificación a su sentencia. De conformidad, aspira a que la Junta de Libertad Bajo Palabra le acredite unas bonificaciones a su sentencia, utilizando los términos de la legislación bajo la cual fue sentenciado, en lugar de la vigente, es decir, esgrimió el principio de favorabilidad. En concreto, adujo que, en virtud de la Ley Núm. 85-2024, basándose en la legislación anterior a que entrara en efecto la Ley Núm. 87-2020, debía computársele como cumplido 28% del mínimo de su sentencia, o 26% del máximo. Sin embargo, aduce que la entrada en vigor de la Ley Núm. 87-2022 supuso la eliminación retroactivamente del cómputo mínimo aludido, y por ello esgrime la aplicación de la ley más benigna a su favor.

Sobre lo anterior, y por el tracto procesal aquí recogido, resulta evidente que el peticionario **no le ha dado oportunidad al Departamento de Corrección y Rehabilitación para considerar su caso, y, de haberlo hecho, no incluyó documentación alguna que diera cuenta de ello. Es en dicho órgano administrativo en quien recae inicialmente la consideración sobre el asunto que esgrime.**

Lo hasta aquí dicho hace evidente que el foro primario denegó de plano la solicitud del peticionario, por cuanto entendió que correspondía primero que el peticionario utilizara los procesos administrativos previstos por el Departamento de Corrección y Rehabilitación para tales asuntos, antes de instar una demanda. Tal curso decisorio resulta cónsono con la expresión de nuestro Tribunal Supremo en términos de que *la agencia en mejor disposición para atender las solicitudes sobre bonificaciones o rebajas de sentencias es el Departamento a través de la División de Remedios Administrativos*. *Pueblo v. Contreras Severino*, 185 D.P.R. 646, 665-666 (2012). Obsérvese, que, al así resolver, el Tribunal Supremo optó por no permitir el uso de los mecanismos

que proveen las Reglas 185 y 192.1 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, sobre el proceso de enmendar o dejar sin efecto una sentencia. Íd., págs. 665-666.

Claro, si luego de agotar el remedio administrativo correspondiente el miembro de la población correccional quedara insatisfecho, entonces podría acudir al Tribunal de Apelaciones mediante recurso de revisión judicial dentro del término dispuesto por la Sección 4.2 de la LPAU, 3 L.P.R.A. sec. 2172.

**Parte dispositiva**

Por lo expresado, juzgamos que no debemos intervenir con la determinación recurrida, de modo que corresponde *Denegar* expedir el recurso de *certiorari* solicitado.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones